## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| 165 PARK ROW, INC., d/b/a ) | |
| THE BRUNSWICK INN, ) | |
|     ) | |
|     Plaintiff ) | |
|     ) | |
| v.    ) | No. 2:12-cv-106-NT |
|     ) | |
| JHR DEVELOPMENT, LLC and ) | |
| MAINE AND NOBLE, LLC, ) | |
|     ) | |
|     Defendants ) | |

### ORDER ON OBJECTION TO PLAINTIFF'S PROPOSED TRIAL DEPOSITIONS

This case is presently on the court's December 2013 trial list, with a jury to be chosen on December 2, 2013. On October 17, 2013, I held a telephone conference with counsel in response to a letter from the defendants' attorney, objecting to three trial depositions noticed by the plaintiff after the close of discovery. Report of Hearing and Order re: Trial Depositions (ECF No. 68). After hearing argument, I directed counsel to submit letter briefs on the propriety of the three trial depositions. The parties have now submitted the letter briefs. For the reasons that follow, I overrule the defendants' objection and grant the plaintiff leave to take the three trial depositions.

### Discussion

The plaintiff's attorneys seek to depose Cliff Routh and Jan Routh, residents of Virginia, and Diann Simmons, a resident of Massachusetts. Each is beyond the subpoena power of this court, and none is likely to come to Maine voluntarily to testify at trial in this matter. The plaintiff's attorneys had noticed these depositions for October 18 and 22, 2013, to be conducted

1

via telephone and streaming video. *Id*. at 1. The depositions were suspended pending resolution of the dispute.

The discovery deadline in this case was more than a year ago: October 12, 2012. In its answers to the defendants' interrogatories served before the close of discovery, the plaintiff stated the following in its multi-page response to the question, "Please state the facts in support of your contention . . . that the name 'The Inn at Brunswick Station' is 'confusingly or deceptively similar' to the name 'The Brunswick Inn'": "[2012] 1/20 – Jan and Cliff Routh party—after telling all the swimming parents that the dinner was at The Brunswick Inn, 'not the new hotel,' about a dozen went up to The Inn at Brunswick Station[;]" and "8/2—Denise [sic] Simmons stayed with us last year and tried to check in today. She is with Becky Brodigan's Women's Seminar and when she saw 'Brunswick' and 'inn' she assumed she was staying here again. In fact her itinerary said 'Inn at Brunswick Station.'" Plaintiff's Answers to Defendants' First Set of Interrogatories (Exh. A to Letter-brief dated October 21, 2013 from James G. Goggin, Esq., to Hon. John H. Rich III) ("Goggin Letter-brief") at 9, 13. The answers to interrogatories are dated August 3, 2012.

On January 14, 2013, the plaintiff filed its opposition (ECF No. 34) to a motion for summary judgment that had been filed by the defendants (ECF No. 26). The opposition was accompanied by nine affidavits, one of which was executed by Jan Routh. ECF No. 35-4. The defendants moved to exclude all of the affidavits on the grounds that all of the witnesses except Routh had not been identified until after the discovery deadline and that the subject of Routh's testimony had not been disclosed before the discovery deadline. Defendants' Motion to Exclude Declarations of Witnesses Who Were Not Identified until After Discovery Deadline (ECF No. 41) at 1. I granted the motion, except as to Routh, and held that the information quoted above in

the plaintiff's interrogatory answer was sufficient, "although barely," to allow the plaintiff to rely on Routh's declaration in support of its opposition to the motion for summary judgment. Memorandum Decision on Motion to Exclude (ECF No. 51) at 8-9.

That ruling and, more specifically, the defendants' receipt of Jan Routh's declaration, dated January 11, 2013, Declaration of Jan Gorman Routh (ECF No. 35-4) at 2, undermines the defendants' assertion here that each of the three witnesses whom the plaintiff wishes to depose will offer "new factual evidence at this late stage" that will be "absolutely prejudicial to the Defendants[.]" Letter-brief dated October 21, 2013, from Frank N. Gaeta, Esq., to Hon. John H. Rich III, at 2. Counsel for the plaintiff stated at the October 17 telephone conference on this issue and reiterated in his October 21 letter-brief that he will only ask the witnesses whose depositions he seeks to testify "as to what was disclosed about them" in the interrogatory answer quoted above. Goggin Letter-brief at 1. Under these circumstances, any prejudice to the defendants from the taking of these depositions, and particularly that of Jan Routh, *see Burket v. Hyman Lippitt, P.C.,* Nos. 05-72110, 05-72171, 05-72221, 2008 WL 1741875, at *3 (E.D. Mich. Apr. 11, 2008) (allowing trial deposition noticed seven months after close of discovery where deponent's affidavit had been submitted in response to motion for summary judgment), will be minimal. *See, e.g., Estate of Gee v. Bloomington Hosp. & Health Care Sys., Inc.*, 2012 WL 729269, at *7 (S.D. Ind. Mar. 6, 2012) (negligible risk of unfair prejudice in allowing trial deposition first noticed 40 months after discovery deadline to proceed where objecting parties had been on notice that deponent might be called as witness and party seeking deposition had arranged to take it via videoconferencing so that opposing counsel would not have to travel).

As the parties' letter-brief submissions demonstrate, case law on this issue is not uniform. Thus, a few courts have concluded that there is no distinction between a discovery deposition

and a trial deposition, and, therefore, even a trial deposition must be taken before the end of the discovery period. *Crawford v. United States*, No. 11-CV-666-JED-PJC, 2013 WL 249360, at *4 (N.D. Okla. Jan. 23, 2013) (relying on *Integra*); *Integra Lifesciences I, Ltd. v. Merck KGaA,* 190 F.R.D. 556, 560 (S.D. Cal. 1999). The defendants also cite *Henkel v. XIM Prods., Inc.*, 133 F.R.D. 556, 558 (D. Minn. 1991), where the court would not allow a party to conduct a trial deposition of a witness after the close of discovery where the party had chosen not to ask any questions of the witness at his discovery deposition.

As my opinion in *Shannon v. Sasseville*, Civil No. 08-343-P-H, 2009 WL 3711484, at *2 (D. Me. Nov. 3, 2009), suggests, I find more persuasive the majority of courts that have weighed in on this subject, holding that there is a distinction to be made between discovery depositions and those intended to preserve testimony for trial. It is true that the post-discovery depositions sought in *Sasseville* would present only rebuttal testimony, while the depositions sought here will be part of the plaintiff's initial presentation of its case on the merits, but that difference is not dispositive. Like the judge in *Estenfelder v. Gates Corp*., 199 F.R.D. 351, 355 (D. Colo. 2001), I conclude that the *Henkel* and *Integra* courts (as well as the *Crawford* court, which issued its opinion 12 years after *Estenfelder*) did not sufficiently distinguish between discovering evidence and preserving evidence; moreover, the lawyers who sought to take post-discovery depositions in those cases had waived any right to do so for tactical reasons, which is not a circumstance alleged by the defendants here.

In *Odell v. Burlington Northern RR. Co.*, 151 F.R.D. 661 (D. Colo. 1993), the court allowed post-discovery trial depositions of individuals who were named in the plaintiff's medical records, although the defendants had not listed them in their submission for the pretrial order, noting that "[i]t [is] simply farfetched to believe that Plaintiff could not have foreseen that on-

4

the-scene witnesses . . . would not be called to testify." *Id*. at 663. The same is true of the Rouths and Simmons in this case.

I am troubled by the fact that the plaintiff failed to notice these depositions until shortly before trial. As was the case in *Sasseville*, the plaintiff here has not explained its failure to take these depositions earlier, as it certainly knew, at least from the time when it provided responses to the defendants' interrogatories in August 2012, that these witnesses lived out of state and what testimony they could offer. Delay is a factor that must be considered in such instances. 2009 WL 3711484 at *2. However, again as in *Sasseville*, the plaintiff has offered to take these depositions "in a manner that does not delay trial as currently scheduled." *Id*. That is particularly apt in this case, which has been moved to the December 2013 trial list, with jury selection set for December 2, 2013. In addition, the parties have agreed that the trial depositions will be limited to what has already been disclosed about each of the witnesses, and the plaintiff has proposed taking the depositions via telephone and video feed, further minimizing the prejudice to the defendants. Under all of these circumstances, the three trial depositions should be allowed.

## Conclusion

For the foregoing reasons, the defendants' objection to the plaintiff taking the depositions of Cliff and Jan Routh and Diann Simmons, limited to the subject matter specified above and conducted by telephone and streaming video, is **OVERRULED.** The depositions shall take place as soon as possible.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 28th day of October, 2013.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge